(158 App. Div. 604.)

### PORTER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 10, 1913.)

1. MASTER AND SERVANT (§ 129*)—INJURIES—PROXIMATE CAUSE.

Where a painter was not killed while occupying a scaffold on which he was working, but while shifting it to another position by removing the planks of which it consisted, after the guard rails had been removed, the absence of the guard rails could not have been the proximate cause of the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. § 129.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MASTER AND SERVANT (§ 129*)—INJURIES—PROXIMATE CAUSE.

Where a painter fell while he was resting on one of two spars over which his scaffold was slung while moving the boards forming the floor thereof, it could not be said that any narrowness of the scaffold was the proximate cause of the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. § 129.*]

3. MASTER AND SERVANT (§ 264*)—INJURIES—ISSUES.

Where the complaint, in an action for a painter's death by falling from a scaffold, alleged neglect in furnishing a scaffold "too narrow to work upon" safely, and in furnishing one without guard rails, any violation of the statute in furnishing a movable scaffold by shifting the planks on the spars as was done, and decedent's assumption of the risk of such danger by continued employment, were not in issue.

[Ed..Note.—For other cases, see Master and Servant, Cent. Dig. §§ 861–876; Dec. Dig. § 264.*]

Appeal from Trial Term, Queens County.

Action by Laura A. Porter, as administratrix of James J. Porter, deceased, against the City of New York. From a judgment as amended for plaintiff, and from an order entered, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and STAPLETON, JJ.

William E. C. Mayer, of Brooklyn (Terence Farley, of New York City, on the brief), for appellant.

Martin T. Manton, of New York City (William H. Griffin, of New York City, on the brief), for respondent.

THOMAS, J. [1] The complaint is that defendant's servant, a painter, was killed by its neglect in furnishing a scaffold "too narrow to work upon" in safety, and without guard rails. But the servant was killed, not in the occupancy of the scaffold, but in shifting it to another position. For such purpose the guard rail in front had been unshipped and. the guard rope in the rear of the scaffold loosened. The guard rail had no protective relation to the decedent's act, and its absence was not the proximate cause of the fall. It was his duty with the aid of his co-worker to draw the ladder from position to position, and at the time an obstructing platform required the dismantling of the guard rail. But even if it, complete, had remained in place, it could not have served him while traversing the spar, nor was it intended or expected to do so. From the bridge two spars, tapering from 8 to 4 inches in diameter, some 36 feet in length and from 15 to 18 feet apart, were suspended, and across these two spruce planks, one-half inch thick, $2\frac{1}{2}$ feet wide, and 25 feet long, and separated by an interval of $2\frac{1}{2}$ feet, were lashed, on each of which two men while painting were supported. There is some suggestion that a painter's ladder lay under the plank, which was the probable fact. It was the duty of the two men to move the scaffold as the work progressed. To do this each necessarily placed his feet or body on the spar, steadying or supporting himself by taking hold or resting upon some part of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bridge. Porter stated in the hospital that he stood on the spar for the purpose of pulling the plank along and, slipping, fell. So it is evident that the question of the guard rail did not and could not affect the matter, and that it should not have been considered by the jury.

[2, 3] The only other charge of negligence is that the scaffold was too narrow for decedent to work on safely, and therefore he fell from it. But he did not in any proper sense fall from the scaffold because it was too narrow, but from the spar because he was obliged to rest on it to shift the plank. Hence the real accusation against the defendant is that it furnished a scaffold that had to be moved along by means dangerous to the workmen. And the plaintiff contends that instead of one or two boards across the spars it should have been planked for the entire length of the spars. Then the workmen could have taken one board at a time and, walking across the other boards still lashed, placed it in the advanced position. But no such charge is made or intended in the complaint. It is true that there was evidence relevant to such issue in a sentence first given by the plaintiff's witness and pursued on cross-examination by defendant. But when the plaintiff would have the testimony of the witness Gribbon directly on the subject, the defednant repeatedly objected upon grounds that required the rejection of the evidence if it were to be used for the issue now presented. It is not entirely clear whether the court intended to submit such issue to the jury, but as the particulars in the complaint were specifically mentioned, it is inferred that only such questions were submitted for decision. The decedent had moved the planks a hundred times, his working mate said, during the two years of his use of the scaffold; and, if there was any question whether the defendant failed to observe the statute because it provided a scaffold movable in the way adopted, it should have been submitted after proper pleading and sustaining evidence, together with the question whether plaintiff's knowledge, continued employment and conduct should of themselves defeat recovery. I do not consider whether such allegation would state a cause of action, inasmuch as it was foreign to the intendment of the complaint. Nor does the notice served suggest such failure by defendant. It is now sufficient to decide that neither of the failures charged in the complaint, even if it existed, was the proximate cause of the accident. The complaint charges that plaintiff served a notice pursuant to the statute, the defendant admits that it received a paper purporting to be a notice of intention to sue, and the notice in evidence shown to have been filed does prove notice of such intention. Hence the required notice of intention to sue was proved.

The judgment and order should be reversed, and a new trial granted, costs to abide the event. All concur, except RICH, J., not voting.